IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Betty Kay Miles, | ) | C/A No.: 1:12-176-JMC-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Salvation Army, Angela Repass, and David Repass, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

In this employment discrimination case, Betty Kay Miles ("Plaintiff") is suing her former employer, the Salvation Army, along with her former supervisors, Angela Repass ("Angela") and David Repass ("David") (collectively "Defendants"). Construed liberally, Plaintiff's complaint alleges hostile work environment and discrimination claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"), and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 et seq. ("ADEA"), as well as a claim under the Equal Pay Act of 1963, 29 U.S.C. § 206(d)(1) ("EPA").

This matter comes before the court on Defendants' motion for summary judgment filed on November 2, 2012. [Entry #45]. The motion having been fully briefed [Entry #48], it is ripe for disposition.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.). Because the motion for summary judgment is dispositive, this report and recommendation is entered for the district judge's consideration. For the reasons that

follow, the undersigned recommends the district court grant the motion for summary judgment.

I.    Factual Background[1]

Plaintiff claims she began working for the Salvation Army in May 1994. [Entry #48-2 at 2]. She allegedly left for another job in 1998, but returned in 1999 to serve as a shelter director. *Id.* She states that she voluntarily left her position again in 2008. *Id.* She claims that in October 2009, she returned to the position of shelter director at the request of Angela and David. *Id.*

Plaintiff asserts that Defendants harassed her daily because they wanted a younger, white female working as shelter director. [Entry #1 at 3]. She contends that Defendants called her on her days off, threatened termination on a daily basis, and paid her less than they paid white employees. *Id.* She also asserts that they cut her hours when she refused to cut the hours of other full-time employees. [Entry #48-2 at 3]. She alleges that the 9–12 write-ups she received were based on lies and that, although she had worked for the Salvation Army since 1994, she had only received one prior write-up during her employment. [Entry #1 at 3].

Following alleged ill treatment and continued harassment by Angela, Plaintiff resigned. [Entry #48-2 at 3]. She claims she gave a two-week notice. *Id.* During the

---

[1] Contrary to the requirements set forth in Fed. R. Civ. P. 56(c)(1) and Local Civil Rule 7.04, the pending motion for summary judgment is unsupported by record evidence. Most of Defendants' allegations include no citations. Those allegations that do include citations cite to materials that are not in the court's record. Thus, the undersigned considers the factual summary as comprised of the allegations in Plaintiff's complaint [Entry #1] and the statement she attached to her response to the motion for summary judgment [Entry #48-2].

last week of her employment, Plaintiff made the decision to close the shelter's soup kitchen. *Id.* She contends she did so because Angela gave the soup kitchen employee the day off and expected Plaintiff to run the soup kitchen. *Id.* She alleges that her position was ultimately given to a younger, white female employee. [Entry #1 at 3].

Plaintiff seeks compensation for age and race discrimination related to her termination and the alleged constant harassment that she endured.

II.     Discussion

A.     Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* At the summary judgment stage, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Id.* at 255.

B.     Discussion

Defendants move for summary judgment on Plaintiff's age and race discrimination claims.[2] [Entry #45-2 at 1, 6–7].

---

[2] Although Defendants assert that Plaintiff is also stating a sex discrimination claim, the undersigned does not interpret the complaint to state such a claim. Plaintiff contends that Defendants wanted to replace her with someone of her own gender [Entry #1 at 3]; thus,

1.     Title VII Claim

Plaintiff alleges Defendants discriminated against her based on her race.  Because she has not asserted any direct evidence of race discrimination, she proceeds on the indirect evidence burden-shifting method of proof established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–05 (1973).  Plaintiff has the initial burden to establish a prima facie case by the preponderance of the evidence by showing that (1) she is a member of a protected class; (2) she suffered an adverse employment action; (3) she was performing her job duties at a level that met her employer's legitimate expectations at the time of the adverse employment action; and (4) her position remained open or was filled by a similarly-qualified person outside the protected class.  *Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 285 (4th Cir. 2004) (en banc).  Defendants may then rebut the prima facie case by showing that there was a legitimate non-discriminatory reason for the adverse action, after which the burden shifts back to Plaintiff to show that those reasons are pretextual.  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 318 (4th Cir. 2005).

It is undisputed that Plaintiff is African-American and was terminated from her employment, thereby satisfying the first two elements of the claim.  Although Defendants contend that Plaintiff has failed to establish a prima facie case of discrimination, they fail to address the remaining elements.  [Entry #45-2 at 6].  Thus, the undersigned assumes, without deciding, that Plaintiff has established a prima facie case of race discrimination.

it does not appear that she is asserting a gender discrimination claim under Title VII. However, even if she were attempting to assert a gender discrimination claim, the analysis would be the same as the analysis of her race discrimination claim set forth herein.

The burden, therefore, shifts to Defendants to establish a legitimate non-discriminatory reason for Plaintiff's termination. Defendants argue that Plaintiff was terminated because of her continued and repeated disregard for the policies and procedures of the Salvation Army and the shelter in which she worked. [Entry #45-2 at 4]. They contend that her disregard is demonstrated by numerous disciplinary warnings and her unilateral decision to close the shelter's soup kitchen for two days without permission. *Id.* at 3. Although Defendants fail to provide any record evidence in support of their argument, Plaintiff has admitted that she received 9–12 write-ups [Entry #1 at 3] and closed the soup kitchen during her last week of work [Entry #48-2 at 3]. The undersigned submits this evidence is sufficient to shift the burden to Plaintiff, who must show that the legitimate reasons offered by Defendants were not the true reasons, but were a pretext for discrimination. This burden on Plaintiff merges with her ultimate burden of persuading the court that she is the victim of intentional discrimination. *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 256 (1981).

Plaintiff fails to offer any evidence of pretext or race discrimination. Plaintiff's complaint alleges only that Defendants "targeted people of color." [Entry #1 at 3]. In her response to the motion, Plaintiff makes a general assertion regarding "ill treatment of blacks." [Entry #48-2 at 2]. However, because Plaintiff's subjective assertions and unsupported speculation are insufficient to create a genuine dispute of material fact as to Defendants' allegedly discriminatory conduct, Plaintiff must come forward with allegations substantiated by accounts of specific dates, times, or circumstances to survive summary judgment. *See Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514,

522 (4th Cir. 2003) (finding that "neither unsupported speculation, nor evidence that is merely colorable or not significantly probative will suffice to defeat a motion for summary judgment; rather, if the adverse party fails to bring forth facts showing that reasonable minds could differ on a material point, then, regardless of any proof or evidentiary requirements imposed by the substantive law, summary judgment, if appropriate, shall be entered") (internal citations omitted).  Because Plaintiff has failed to identify any facts to establish pretext, the undersigned recommends summary judgment be granted as to her race discrimination claim.

While Plaintiff may disagree with Defendants' decision to terminate her, "Title VII is not a vehicle for substituting the judgment of a court for that of the employer." *Jiminez v. Mary Washington College*, 57 F.3d 369, 377 (4th Cir. 1995).  Courts do not sit as "super personnel departments second guessing an employer's perceptions of an employee's qualifications." *Malghan v. Evans*, 118 Fed. Appx. 731, 733 (4th Cir. 2004) (citing *Smith v. Univ. of N. Carolina*, 632 F.2d 316, 346 (4th Cir. 1980)).  In fact, "the law does not require an employer to make, in the first instance, employment choices that are wise, rational, or even well-considered, as long as they are nondiscriminatory." *Id.* (citing *Powell v. Syracuse Univ.*, 580 F.2d 1150, 1156–57 (2d Cir. 1978).

### 2.    ADEA Claim

The ADEA makes it unlawful for an employer to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment, because of such individual's age.  29 U.S.C. § 623(a)(1); *see Gen. Dynamics Land Sys., Inc. v. Cline*, 540

U.S. 581, 591 (2004) (explaining that the ADEA "protect[s] a relatively old worker from discrimination that works to the advantage of the relatively young").   The age-based protections of the ADEA are "limited to individuals who are at least 40 years of age."  29 U.S.C. § 631.  The United States Supreme Court has held that to prevail on an ADEA claim, a plaintiff must show that age was the "but for" cause of the adverse action of the employer.  *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 176 (2009) ("To establish a disparate-treatment claim under the plain language of the ADEA . . . a plaintiff must prove that age was the 'but-for' cause of the employer's adverse decision.").

In the absence of direct evidence, as here, courts analyze age discrimination claims under the same burden-shifting framework used to resolve other discrimination cases, as set forth above.  *Laber v. Harvey*, 438 F.3d 404, 430 (4th Cir. 2006).[3]  To establish a prima facie case of discrimination under the ADEA, a plaintiff must show (1) she was a member of a protected class; (2) she was meeting her employer's legitimate expectations; (3) she suffered an adverse employment action; and (4) similarly-situated employees outside the protected class received more favorable treatment. *Hill*, 354 F.3d at 285.

Defendants fail to adequately brief whether Plaintiff has established a prima facie case of discrimination under the ADEA; thus, the undersigned assumes, without deciding, that Plaintiff has adequately stated a prima facie case of age discrimination.  For the

---

[3] The Supreme Court recently noted that it "has not definitively decided" whether the *McDonnell Douglas* framework, first developed in the context of Title VII cases, "is appropriate in the ADEA context."  *Gross v. FBL Financial Services, Inc.*, 557 U.S. 167, 175, n. 2 (2009).  In the absence of further direction from the Supreme Court, the undersigned must follow Fourth Circuit precedent, which applies the *McDonnell Douglas* framework to ADEA claims.  *See Hill*, 354 F.3d at 285; *see also Bodkin v. Town of Strasburg*, 386 Fed. Appx. 411, 413–14 (4th Cir. 2010) (continuing to apply the *McDonnell Douglas* framework following the *Gross* opinion).

reasons set forth above, the undersigned likewise finds that there was a legitimate, non-discriminatory reason for Plaintiff's termination.

Therefore, the burden shifts to Plaintiff to establish pretext. As with her race discrimination claim, she generally alleges ill treatment of individuals over 40 years old. [Entry #48-2 at 2]. Such general allegations are insufficient to defeat summary judgment. *See Bouchat*, 346 F.3d at 522. Plaintiff's only specific factual allegation regarding age discrimination is her contention that Angela made negative comments about another employee named Ms. Heath (first name unknown), who had allegedly worked for the Salvation Army for over 40 years. [Entry #48-2 at 2]. Plaintiff alleges that Angela commented that the Salvation Army could save a lot of money if Ms. Heath retired. *Id.* When Ms. Heath did not retire, Angela allegedly cut her hours. *Id.* at 2–3. Plaintiff has alleged no connection between these comments and her own termination. Thus, the undersigned recommends finding that they are insufficient to establish pretext and further recommends that Plaintiff's age discrimination claim be dismissed.

### 3. Plaintiff's Remaining Claims

Construed liberally, Plaintiff's complaint also arguably states a hostile work environment claim under Title VII and the ADEA, as well as an EPA claim. Defendants did not move for summary judgment on these claims. The undersigned leaves to the district judge's discretion whether Plaintiff sufficiently alleged the claims in her complaint and, if so, whether to extend the dispositive motions deadline to permit Defendants to move for summary judgment on them.

8

III.     Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends Defendants' motion for summary judgment [Entry #45] be granted as to Plaintiff's Title VII and ADEA discrimination claims.   The undersigned further recommends that the district judge consider whether to extend the dispositive motions deadline to permit briefing on Plaintiff's remaining claims, to the extent Plaintiff sufficiently alleged them in her complaint.

IT IS SO RECOMMENDED.

June 17, 2013                                         Shiva V. Hodges
Columbia, South Carolina                      United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

9

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).