# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### AIKEN DIVISION

| | | |
|---|---|---|
| Betty Kay Miles | ) | |
| | ) | Civil Action No. 1:12-cv-00176-JMC |
| Plaintiff, | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Salvation Army, Angela Repass, and | ) | |
| David Repass | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") [Dkt. No. 51] in the above captioned case. Plaintiff Betty Kay Miles ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, is suing her former employer, the Salvation Army, along with her former supervisors, Angela Repass and David Repass (collectively, "Defendants"), for employment discrimination. Specifically, Plaintiff has alleged that Defendants terminated her employment because of her age and race and created a hostile work environment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII") and the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"). Plaintiff also alleges that Defendants paid her less than the white employees who worked at the Salvation Army[1] in violation of Title VII. Defendants have filed a Motion for Summary Judgment [Dkt. No. 45] on Plaintiff's discrimination claim.

---

[1] The Magistrate Judge read Plaintiff's claims broadly to include a claim under the Equal Pay Act of 1963, 29 U.S.C. § 206(d)(1) ("EPA"), which prohibits differential pay based on a person's sex. However, the claim here is that Defendants paid Plaintiff less than other white employees; she does not specifically allege that she was paid less than other men. Therefore, the court interprets the claim as a wage discrimination claim under Title VII, rather than a claim made pursuant to the EPA.

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. "The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination." *Wallace v. Hous. Auth.*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citing *Matthews v. Weber*, 423 U.S. 261, 271 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1). The parties were advised of their right to file objections to the Report. However, neither party filed objections to the Report.

The Magistrate Judge in this case recommends dismissal of Plaintiff's claim that she was terminated for discriminatory reasons. The Magistrate Judge further noted Defendants' failure to specifically address Plaintiff's hostile work environment claim and her wage discrimination claim and left it to the court's discretion to determine whether to extend the motions deadline to allow Defendants to specifically address those claims to the extent Plaintiff sufficiently alleged them.

In analyzing the discrimination claim, the Magistrate Judge properly utilized the burden-shifting method of proof established by the United States Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-805 (1973). In doing so, the Magistrate Judge noted Defendants' failure to address several elements of Plaintiff's *prima facie* case for discrimination and assumed without deciding that Plaintiff could meet her *prima facie* case. The Magistrate Judge further found that Defendants' stated reasons for terminating Plaintiff − specifically, that Plaintiff had numerous disciplinary warnings and that Plaintiff unilaterally decided to close the

Salvation Army soup kitchen without permission of her supervisors – constituted legitimate, nondiscriminatory reasons for terminating Plaintiff's employment.  Finally, the Magistrate Judge found Plaintiff's general, nonspecific assertions regarding Defendants' alleged ill treatment of people of color and individuals over 40 years of age insufficient to create a genuine issue of material fact as to Defendants' allegedly discriminatory conduct.  *See Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (finding that "neither [u]nsupported speculation nor evidence that is merely colorable or not significantly probative will suffice to defeat a motion for summary judgment)).

As the Magistrate Judge noted, Defendants' Motion for Summary Judgment [Dkt. No. 45] is unsupported by citations to evidence in the record.[2]  Therefore, Defendant's motion is contrary to the requirements set forth in FED. R. CIV. P. 56(c)[3] and Local Civil Rule 7.04.[4]  The Magistrate Judge found however, that because Plaintiff admitted in her Complaint [Dkt. No. 1] that she received as many as twelve disciplinary write-ups and that she also admitted in her

---

[2] Defendants cite to Plaintiff's deposition testimony but did not include any portion of that deposition when it submitted its summary judgment motion.

[3]  Rule 56(c) of the Federal Rules of Civil Procedure requires that:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute . . .

FED. R. CIV. P. 56(c)(1).

[4] Local Civil Rule 7.04 requires that motions filed with accompanying memorandum "shall be accompanied by affidavits or other supporting documents" where appropriate.  Local Civil Rule 7.04 DSC.

Response In Opposition to Defendants' Motion for Summary Judgment [Dkt. No. 48] that she closed the soup kitchen, such admissions were sufficient to satisfy Defendants' burden to put forth a legitimate, nondiscriminatory reason for terminating Plaintiff's employment. Therefore, the burden of proving discriminatory intent shifted back to Plaintiff under the *McDonnell-Douglas* framework. The Magistrate Judge found that Plaintiff failed to put forward sufficient evidence that Defendants' asserted reasons for terminating her were a mere pretext for race or age discrimination and recommended granting summary judgment in favor of Defendants on this claim.

Defendants' failure to support their motion with citations to the record prevents the court from conclusively determining whether Defendants have met their burden of establishing that the stated reasons for Plaintiff's termination are, in fact, legitimate and nondiscriminatory.[5] The court has no knowledge of the particular disciplinary infractions at issue in this case. Additionally, while Plaintiff has admitted to receiving as many as twelve (12) disciplinary "write-ups," she has also asserted that the write-ups were manufactured and based on lies. *See* Complaint [Dkt. No. 1 at 3]. Further, Defendants' assertion in their Motion for Summary Judgment [Dkt. No. 45] that the soup kitchen should never close without extreme or mitigating circumstances and that approval by a commanding officer is needed before such action is taken

---

[5] The reasons Defendants put forward for Plaintiff's termination come only from Defendants' Summary Judgment Motion [Dkt. No. 45]. Arguments and statements of counsel do not constitute evidence for the purposes of granting or denying a summary judgment motion. *See Estrella v. Bryant,* 682 F.2d 814, 819 (9th Cir. 1982) (legal memoranda and oral argument are not evidence and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment); *Gans v. Gray,* 612 F. Supp. 608, 619 (E.D. Pa. 1985) (mere statements made in counsel's briefs are not evidence for the purpose of supporting or opposing a motion for summary judgment); *cf. Martin v. Cavalier Hotel Corp.,* 48 F.3d 1343, 1358 (4th Cir. 1995) (counsel's statements are not evidence).

is unsupported by any evidence that such a policy exists.[6]  For these reasons, the court does not find that there is sufficient evidence in the record to grant Defendants' summary judgment motion at this time and therefore **REJECTS** the Magistrate Judge's recommendation.[7]

In this instance, however, the court finds it appropriate to allow Defendants the opportunity to re-file their Motion for Summary Judgment with the appropriate attachments that will create the record in this case.  *See* FED. R. CIV. P. 56(e)(1) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may [among other actions] . . . give an opportunity to properly support or address the fact").  Defendants may not add or subtract anything from their submission in re-filing it.  This filing must be done by 5:00 PM on Monday, July 22, 2013.  The court will further allow Plaintiff an opportunity to supplement her response to Defendants re-filed motion by Friday, August 2, 2013.  The Magistrate Judge is directed to make a recommendation on the renewed motion as soon as is feasible upon submission of the Plaintiff's response.

The court further declines to extend the dispositive motions deadline in this case to permit Defendant an opportunity to further brief Plaintiff's hostile work environment claim and her wage discrimination claim. In issuing a recommendation on the renewed motion for summary judgment, the Magistrate Judge is directed to make a recommendation on the issue of

---

[6] It is axiomatic that the trial court's role in a discrimination case is not to decide whether the reason for the plaintiff's termination "was wise, fair, or even correct, ultimately, so long as it truly was the reason for the plaintiff's termination."  *Hawkins v. PepsiCo, Inc.*, 203 F.3d 274, 279 (4th Cir. 2000).  However, the court requires some evidence in the record, other than arguments and explanations made in Defendants' motion, before issuing a dispositive order.

[7] The court's decision here does not suggest that the Magistrate Judge's analysis and ultimate recommendation to grant summary judgment in favor of Defendants was erroneous.

whether or not Plaintiff sufficiently alleged these claims in her complaint and if not, whether the court may *sua sponte* dismiss these claims prior to trial.

**IT IS SO ORDERED.**

*J. Michelle Childs*

July 16, 2013                                                 United States District Judge
Greenville, South Carolina