# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### AIKEN DIVISION

|  |  |  |
|---|---|---|
| Betty Kay Miles, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.: 1:12-cv-00176-JMC |
| v. | ) | |
| | ) | **ORDER AND OPINION** |
| | ) | |
| Salvation Army, Angela Repass, and | ) | |
| David Repass, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Betty Kay Miles ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this action alleging that her former employer and supervisors the Salvation Army ("the Army"), Angela Repass, and David Repass (collectively referred to as "Defendants") terminated her employment, created a hostile work environment, and paid her discriminatory wages on the basis of her race in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17. Plaintiff also claims discrimination on the basis of her age in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621-634.

This matter is before the court for a review of the Magistrate Judge's Report and Recommendation ("Report") [Dkt. No. 64], filed August 8, 2013, regarding Defendants' renewed Motion for Summary Judgment[1] [Dkt. No. 59], filed July 22, 2013. The Magistrate

---

[1] Plaintiff filed the instant action on January 18, 2012. [Dkt. No. 1]. Defendants filed an initial Motion for Summary Judgment on November 2, 2012. [Dkt. No. 45]. The Magistrate Judge recommended denial of the motion because Defendants failed to include any attachments and did not support the motion by citations to evidence as prescribed by FED. R. CIV. P. 56(c)(1). [*See* Dkt. No. 51]. The court accepted the Magistrate Judge's recommendation and denied Defendants' motion without prejudice to allow Defendants to resubmit the motion in the proper form. [*See* Dkt. No. 56]. Defendants subsequently submitted a renewed Motion for Summary Judgment with the appropriate attachments. [Dkt. No. 59]. In the interest of fairness to Plaintiff,

Judge's Report recommends that the court grant Defendants' renewed Motion for Summary Judgment.  Upon review of the Report and the record in this case, the court **GRANTS** Defendants' renewed Motion for Summary Judgment and **DISMISSES** Plaintiff's Complaint.

## FACTUAL AND PROCEDURAL BACKGROUND

The court concludes, upon its own careful review of the record, that the Magistrate Judge's factual and procedural summation is accurate.  The court adopts this summary as its own, and only references facts pertinent to the analysis of Plaintiff's objections.  The relevant facts, viewed in a light most favorable to Plaintiff, are as follows.

Plaintiff worked for the Army as shelter director from May 1994 until either 1997 or 1998 when she left the Army for another job.  [Dkt. No. 64 at 2-3].  Plaintiff returned to the Army as shelter director in 1999 and remained in that position until 2008 when she left again voluntarily.  *Id.* at 3.  In October 2009, Plaintiff returned to run the Army's shelter until she was terminated on June 20, 2011.  *Id.*  3-6.  From March of 2010 until her termination, Plaintiff was written up for eight different disciplinary infractions.  *Id.*  On March 22, 2010, Plaintiff received a disciplinary warning for allowing another employee to work overtime without receiving approval from the captain.  *Id.* at 3.  While Plaintiff felt justified in her decision to allow the overtime, she admitted that she was aware she should have first cleared the decision with the captain.  *Id.*  On May 4, 2010, Plaintiff was written up for allowing an employee to take home confidential client information to perform data entry.  *Id.*  Plaintiff conceded that this write-up was a proper remand.  [Dkt. No. 59-10 at 45].   Plaintiff received another disciplinary report on September 7, 2010, for failing to ensure the schedule was covered when she took time off due to

---

Defendants were not allowed to make any substantive changes to the motion, and Plaintiff was given the opportunity to respond.  Plaintiff responded to Defendants' motion on August 1, 2013. [Dkt. No. 62].

a death in her family. [Dkt. No. 64 at 4]. Plaintiff contends that the schedule was properly handled and that she had done everything that was required of her. [Dkt. No. 59-10 at 49-50].

Plaintiff was written up again on January 20, 2011, for initialing a time card to ensure that another employee could get paid. [Dkt. No. 64 at 4-5]. Plaintiff did not have the authority to initial the time card, and Plaintiff testified that she knew she was wrong for doing so. [Dkt. No. 59-10 at 55]. On May 14, 2011, Plaintiff was disciplined for neglecting to pick up a donation from a grocery store. [Dkt. No. 64 at 5]. The disciplinary report mentioned that due to Plaintiff's error, the grocery store decided it would no longer donate to the Army. *Id.* Plaintiff disagreed with this write-up because even though she failed to collect the donation, she was later informed that the grocery store's decision to end the donations was based on a completely unrelated reason. [Dkt. No. 59-10 at 38, 56]. On June 13, 2011, Plaintiff was placed on a 60-day probation, in part, for changing the schedule without the captain's approval and failing to keep the residents indoors as requested due to outdoor heat. [Dkt. No. 64 at 5]. On the same day, Plaintiff submitted her two-week resignation notice. *Id.* at 6. On June 20, 2011, Plaintiff was terminated for closing the Army's soup kitchen for two days without permission. *Id.* Plaintiff felt justified in closing the kitchen because the captain had scheduled the supervisor of the soup kitchen off which Plaintiff felt created an unfair burden on her kitchen responsibilities. *Id.* Plaintiff conceded that it would not have been difficult to obtain permission before closing the soup kitchen. *Id.*

Plaintiff brought the instant action under Title VII and the ADEA claiming she was terminated by her employer on the basis of her race and age. [Dkt. No. 1 at 5]. Plaintiff is an African-American woman over the age of forty. *Id.* at 11, 13. Plaintiff complains of constant harassment throughout her last period of employment with the Army. *Id.* at 6. She felt the

captain directed an unpleasant and petty attitude towards her. [Dkt. No. 59-10 at 73]. Plaintiff believed she was pushed out of her position because the captain wanted a younger white woman who was less qualified to take over the position. [Dkt. No. 59-10 at 88]; [Dkt. No. 1 at 3]. Plaintiff contends that Defendants systematically fired or pushed out over twenty minorities who were all over the age of forty. [Dk. No. 62 at 2].

## STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Matthews v. Weber,* 423 U.S. 261, 270-71 (1976). This court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce,* 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Magistrate Judge's Report, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis,* 718 F.2d 198, 199 (4th Cir. 1983).

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

4

law." Fed. R. Civ. P. 56(a). In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *See id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *See Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248.

## DISCUSSION

As Plaintiff is a *pro se* litigant, the court is required to liberally construe her arguments. *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978). The court addresses those arguments that, under the mandated liberal construction, it has reasonably found to state a claim. *Barnett v. Hargett,* 174 F.3d 1128, 1133 (10th Cir. 1999).

The Magistrate Judge recommends that the court find Plaintiff has failed to plead sufficient facts to overcome Defendants' summary judgment motion for her discriminatory

discharge claim.  [Dkt. No. 64 at 12-14].  A plaintiff can establish claims of discrimination under Title VII and the ADEA in one of two ways:  either by directly showing that discrimination motivated the employment decision, or, as is more common, by relying on the indirect, burden-shifting method set forth in *McDonnell Douglass Corp. v. Green,* 411 U.S. 792 (1973).  Since Plaintiff has not produced any direct evidence of discrimination, both her Title VII and ADEA claims of discriminatory discharge are analyzed under the *McDonnell Douglass Corp* burden-shifting framework.  Under this analysis, a plaintiff must first demonstrate a prima facie case of discrimination.  To establish a prima facie case of discriminatory discharge, a plaintiff must show: (1) she is a member of a protected group; (2) she is qualified for her job and she met her employer's legitimate expectations; (3) she was fired despite her qualifications and performance; and (4) she was replaced by someone who was not a member of the protected class and who had comparable qualifications.  *Causey v. Balog,* 162 F.3d 795, 802 (4th Cir. 1998).  Pursuant to the burden-shifting framework, once the plaintiff establishes a prima facie case of discrimination, the burden shifts to the defendant to produce evidence of a legitimate, nondiscriminatory reason for the employment action.  *Texas Dep't. of Cmty Affairs v. Burdine,* 450 U.S. 248, 253 (1981).

If the defendant meets the burden to demonstrate a legitimate, nondiscriminatory reason for its employment action, the burden shifts back to the plaintiff to demonstrate by a preponderance of the evidence that the proffered reason was "not its true reason[ ], but [was] a pretext for discrimination."  *Id.*  Although intermediate evidentiary burdens shift back and forth under this framework, the ultimate burden of persuasion that the defendant engaged in intentional discrimination remains at all times with the plaintiff.  *See Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 143 (2000).

In the instant case, the Magistrate Judge assumed without deciding that Plaintiff established a prima facie case of discriminatory discharge under Title VII and the ADEA. [Dkt. No. 64 at 11]. After reviewing the Army's stated reasons for Plaintiff's termination, namely, her extensive disciplinary troubles, the Magistrate Judge found the Army met its burden of demonstrating a legitimate, non-discriminatory reason for Plaintiff's discharge. *Id.* at 12. The Magistrate Judge concluded that Plaintiff did not make a sufficient showing that the Army's stated reasons were not valid and were instead pretext. *Id.* The Magistrate Judge found Plaintiff's assertions of age and racial bias too speculative and unsupported by evidence to create a genuine dispute of material fact. *Id.*

Plaintiff's objections to the Report specifically address the Magistrate Judge's finding that Plaintiff failed to establish that Defendants' reasons for terminating her employment were pretextual. [Dkt. No. 71]. Plaintiff contends that the disciplinary records submitted by Defendants were fabricated, and that this is evidenced by a date listed at the top of her records that is later than her dates of employment. *Id.* at 1. Plaintiff also asserts justifications for many of the actions for which she was disciplined in an effort to show that she was disciplined unfairly and for discriminatory reasons. *Id.* 1-3.

The court agrees with the Magistrate Judge that Plaintiff has failed, as a matter of law, to establish a genuine issue of pretext. Defendants have presented substantial evidence of Plaintiff's poor disciplinary history. [Dkt. No. 64 at 3-6]. This includes Plaintiff's final infraction of unilaterally closing the shelter's soup kitchen, the violation for which she was terminated. *Id.* at 6. Despite feeling justified for her actions, Plaintiff has conceded that she failed to properly perform her duties in many of the instances for which she was reprimanded. [*See* Dkt. No. 59-10 at 44, 45, 55, 70].

While Plaintiff contests the validity of her disciplinary records due to an allegedly questionable date listed at the top of her write-ups[2], this objection is without merit. Until now, Plaintiff has acknowledged that she was written up for all of the infractions at issue. [*See* Dkt. No. 59-10]. Moreover, Plaintiff signed and dated nearly all of the reports with dates that properly coincide with her employment. [*See* Dkt. Nos. 59-14, 59-15, 59-17, 59-18, 59-19, 59-20, 59-21]. And while Plaintiff's objections offer further justifications for her violations, Plaintiff does not negate that for many of her infractions she knew she was not acting in the manner requested by the captain. Significantly, Plaintiff does not dispute that she erred in closing the soup kitchen for two days without authorization, which was the principal reason for her termination.

Thus, the court finds that Plaintiff has failed to aver material facts which give rise to a genuine issue that Defendants' stated reasons in terminating her employment were pretext for discrimination. Additionally, the court finds that for the same reasons Plaintiff has failed to establish prong two of a prima facie case: that at the time of her termination, Plaintiff met her employer's legitimate expectations. Accordingly, Defendants are entitled to summary judgment for Plaintiff's discriminatory discharge claims under Title VII and the ADEA.

## CONCLUSION

For the reasons set forth above, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation [Dkt. No. 64]. Defendants' renewed Motion for Summary Judgment [Dkt. No. 59] is hereby **GRANTED**.

---

[2] The date of September 9, 2011 appears on several of Plaintiff's disciplinary reports. [*See, for example,* Dkt. 59-19]. Plaintiff was terminated June 21, 2011. [Dkt. No. 71 at 1]. While the date listed at the top of Plaintiff's disciplinary record does not correspond to her employment, it appears to the court that the September date is not part of the original document. It may be that the print at the top of Plaintiff's disciplinary reports denotes a fax transmittal of the records following Plaintiff's termination.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Court Judge

September 23, 2013
Greenville, South Carolina